*Denied, subject to any appropriate objection. The court is reluctant to impose a prior restraint on defendant's testimony should such be offered.*

*R.G. Stearns DJ 10-29-24*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 23-10148-RGS |
| TRUNG NGUYEN, | ) |
| Defendant | ) |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND IMPROPER EVIDENCE AND ARGUMENT BY THE DEFENDANT**

The United States respectfully moves *in limine* to preclude the defendant from offering evidence and advancing argument related to the alleged "heavy-handed" nature of law enforcement's search of his home. As set forth below, the Court should preclude such testimony and evidence as irrelevant under Fed. R. Evid. 402 and as unduly prejudicial, misleading, and confusing under Fed. R. Evid. 403.

**BACKGROUND**

On January 7, 2021, pursuant to an authorizing warrant, Homeland Security Investigations ("HSI") personnel searched the defendant's home in Danvers, Massachusetts for evidence, fruits, and instrumentalities of federal crimes. Before executing the search, HSI learned that the defendant, who had a license to carry a firearm, possessed approximately <u>ten</u> registered firearms. Consistent with its policies, and in an effort to protect both agents engaged in the search and the occupants of the defendant's home, HSI deployed a Special Response Team to assist in executing the search. This included, among other things, several armed agents in tactical gear and a bearcat vehicle.

1

HSI executed the search without incident. Agents breached the door after no one answered. Agents encountered the defendant's minor children and escorted them out of the home to the driveway. During the search, the defendant disclosed to agents that he had a loaded firearm in a bag next to one of the entrances to his home. Agents also found a loaded firearm in the defendant's beside table and several firearms and an unlicensed firearm suppressor in a safe.

Once the house was safe to enter and search, agents found evidence related to the defendant's unlicensed money transmitting business, including, among other things, cash, communications with his customers, and records evidencing the defendant's intent to evade the licensure requirement. The government intends to introduce this evidence at trial.

## LEGAL FRAMEWORK

A defendant's right to a defense "does not include the right to present irrelevant evidence." *United States v. Gottesfeld*, 319 F. Supp. 3d 548, 553 (D. Mass. 2018) (Gorton, J.) (quoting *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001)). Evidence is relevant only "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Any relevant evidence at trial must, therefore, relate to the elements of the crime charged or applicable defenses. *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1998). The Court may also exclude relevant evidence if its probative value is substantially outweighed by a danger of several risks, including unfair prejudice or confusion. Fed R. Evid. 403.

The First Circuit has made clear that this Court should take affirmative steps to "block defense attorneys' attempts to serenade a jury with the siren song of nullification," *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), and that "[a]n attorney's attempt to achieve

[that] end indirectly" through irrelevant evidence and argument is improper, *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."). In short, "[n]ullification has no basis in law, [and . . .] it would undermine not only the rule of law, but also the values at the core of our democracy." *United States v. Luisi*, 568 F. Supp. 2d 106, 120 (D. Mass. 2008).

## ARGUMENT

### I. The Court Should Preclude Testimony and Argument Related to the Nature and Circumstances of the Search.

The Court should preclude the defendant from eliciting testimony or advancing arguments related to the manner in which HSI searched his home, because such testimony and argument is irrelevant under Fed. R. Evid. 402 and unduly prejudicial, misleading, and confusing under Fed. R. Evid. 403. In *United States v. Cleveland*, when considering a similar motion in limine, the court precluded "testimony concerning the propriety of the government agents' actions in executing [a search]" because it was "irrelevant to the issue of innocence or guilt." 1997 WL 253124, at *2 (E.D. La. May 14, 1997); *see also United States v. Diaz-Colon*, 651 F. Supp. 3d 468, 480 (D.P.R. 2023) ("Allegations that the United States or its agents engaged in misconduct are irrelevant. Whether the United States participated in unethical behavior is a question of law for the court, falling beyond the scope of trial"). The court in *Cleveland* added that the "probative value" of testimony about the government search was "substantially outweighed" by possible juror confusion that it was for them to decide the legality of the search. *Id.*

Here, the anticipated defense argument that the government deployed unnecessary force in executing the search of the defendant's home is nothing more than an appeal for juror

3

nullification. In offering such evidence, the defense intends for the jury to be offended by the government's efforts to execute its search safely, sympathetic to the defendant, and in turn, conclude that the government has not met the elements of the charged offenses. The Court should preclude this improper line of testimony and argument. Video of the defendant's children being led away from the loaded weapons in his home by agents in tactical gear is "irrelevant to the issue of innocence or guilt" and unduly prejudicial, misleading, and confusing.

II.     **The Court Cannot Provide Any Relief on this Irrelevant Claim.**

The nature and circumstances of the government search is similarly irrelevant because this Court cannot provide any relief to the defendant. The remedy for an excessive search is <u>not</u> the suppression of evidence found during the search. *See United States v. Ramirez*, 523 U.S. 65, 71 (1998) ("Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression."). A civil suit—not suppression—is the appropriate remedy.

In *United States v. Heyer*, this Court explained as much when considering a motion to suppress:

> [T]he manner of execution of the warrant, whether unduly forcible or not, has no bearing ... on any exclusionary remedy. ... [A] claim for compensation for property unnecessarily damaged or destroyed during the execution of a search may be brought under 42 U.S.C. § 1983 on a Fourth Amendment theory of common-law trespass.

No. CR 15-10256-RGS, 2018 WL 6834591, at *4–5 (D. Mass. Dec. 27, 2018). The Seventh Circuit similarly explained in *United States v. Watson* that a civil suit under 42 U.S.C. § 1983 was the appropriate remedy for an "excessive force" claim. 558 F.3d 702, 704 (7th Cir. 2009); *See also United States v. Garcia-Hernandez*, 659 F.3d 108, 113 (1st Cir. 2011) ("[W]here ... a defendant asserts injury from a no-knock entry antecedent to an otherwise valid search, the

remedies afforded in civil suits can adequately redress the harm to the interests that are affected.").

This criminal trial is not the time or place for the defendant to argue that law enforcement engaged in an excessive search. This argument is not relevant to the jury's determination of guilt or innocence, and it is divorced from any relief that the Court can provide at this trial. Accordingly, the Court should preclude such testimony or argument as irrelevant and unduly prejudicial, misleading, and confusing.

### III. If the Defendant Opens the Door to the Nature and Circumstances of the Search, the Court Should Allow the Government to Introduce Evidence of the Defendant's Firearms Collection.

The government does not intend to highlight that it reasonably believed—correctly as it turns out—that the defendant had several firearms concealed inside the home they needed to search. But if the defendant argues or elicits testimony suggesting the way the government entered his home was unnecessary, the Court should allow the government to elicit testimony explaining the reason it acted in the way it did. Absent such a remedy, the jury would be left with the incorrect, and unfair, conclusion that law enforcement had no reason for conducting the search in the manner that it did. As noted above, however, the risk of a prejudicial mini-trial about why the government entered the defendant's home as it did has no place in a trial about whether the defendant laundered criminal proceeds or conducted an unlicensed money transmitting business.

## CONCLUSION

For the foregoing reasons, the Court should preclude the defendant from introducing evidence or advancing certain arguments related to the nature and circumstances of law enforcement's search of his home.

> Respectfully submitted,
> JOSHUA S. LEVY
> Acting United States Attorney
>
> */s/ Benjamin A. Saltzman*
> BENJAMIN A. SALTZMAN
> SETH B. KOSTO
> Assistant United States Attorneys

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Benjamin A. Saltzman, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court.

Date: October 21, 2024                    */s/ Benjamin A. Saltzman*
                                          Benjamin A. Saltzman

## CERTIFICATE OF SERVICE

I, Benjamin A. Saltzman, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 21, 2024                    */s/ Benjamin A. Saltzman*
                                          Benjamin A. Saltzman